IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| BARBARA M. BUSH | * | |
|     Plaintiff, | | |
| v. | * | Civil Action Case No. RWT-11-1559 |
| U.S. DISTRICT JUDGE WILLIAMS[1] | * | |
| REALTY MANAGEMENT SERVICES, INC. | | |
| CYNTHIA DAVIS | * | |
|     Defendants. | * | |

***

**MEMORANDUM OPINION**

Plaintiff Barbara M. Bush ("Bush") continues on conditional release while her federal criminal charges are pending. See United States v. Bush, Criminal No. L-06-0202 (D. Md.). This self-represented complaint, filed on June 8, 2011, alleges a member of this bench, together with an employee of her current landlord, have conspired to issue her a notice to vacate and have allowed utility employees to improperly take her money. She further invokes several federal criminal statutes concerning witness intimidation and retaliation.

Bush has filed neither the civil filing fee of $350.00 nor a request for waiver of the filing fee. This omission is, however, of no moment. "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions" or "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." Ashcroft v. Iqbal, --- U.S. ----, ----, 129 S.Ct. 1937, 1949 (2009). A complaint must allege sufficient facts "to state a claim to relief that is plausible on its face." See Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 569 (2007). If a party does not "nudge [his] claims across the line from conceivable

---

[1] Although captioned as a "habeas corpus petition" and entitled a "Criminal Petition," the matter appears to be more related to a complaint for damages for civil rights violations.

to plausible, [the] complaint must be dismissed." Id. Nonetheless, "[a] document filed pro *se* is 'to be liberally construed,' and 'a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quoting Estelle v. Gamble, 429 U.S. 97, 106, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976)); see also Bertin v. United States, 478 F.3d 489, 491 (2$^d$ Cir. 2007) ("We liberally construe pleadings and briefs submitted by *pro se* litigants, reading such submissions to raise the strongest arguments they suggest.") (internal quotations marks and citations omitted).

The self-represented Complaint is difficult to decipher and shall be generously interpreted. It would appear that Bush has complaints regarding the manner in which her claims have been determined over the past twelve years and accuses members of this court of bias, prejudice, and "conspiracy." She does not, however, explain what claims she is referencing except to state that relief has been denied before the completion of review by assorted federal agencies. Further, she provides no factual allegations addressing her claims of bias and prejudice.

Here, the members of this court referenced in the complaint were clearly acting within their "judicial jurisdiction" while presiding over Bush's cases and would be entitled to absolute judicial immunity. Claims against the remaining defendants, a rental agency and its employee, appear to focus on a threat to evict Bush from rental property. These claims are unclear and are not properly before this Court because it appears that administrative proceedings concerning the eviction remain underway.[2]

Accordingly, the court shall dismiss Bush's Complaint by separate Order.

June 21, 2011                                                              /s/
(Date)                                                           ROGER W. TITUS
                                                                        UNITED STATES DISTRICT JUDGE

---

[2] On May 13, 2011, Bush sought to voluntarily dismiss Bush v. Lefkowitz, et al., Civil Action No. AW-11-1446 (D. Md.) to allow exhaustion of administrative proceedings. ECF No. 4, 5 and 6.